## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 13 2019, 9:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ellen M. O'Connor
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Curtis Martin,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 13, 2019

Court of Appeals Case No.
19A-CR-718

Appeal from the Marion Superior Court

The Honorable Jennifer Harrison, Judge

Trial Court Cause No.
49G20-1808-F2-29166

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Curtis Martin (Martin), appeals his conviction for possession of methamphetamine, a Level 3 felony, Ind. Code §§ 35-48-4-6.1(a), (d)(1).

We reverse and remand with instructions.

# ISSUE

Martin presents one issue on appeal, which we restate as: Whether his conviction for possession of methamphetamine must be vacated because it was an included offense of his dealing in methamphetamine conviction.

# FACTS AND PROCEDURAL HISTORY

After making two controlled buys of methamphetamine from Martin at his home located in the 4800 block of Rixon Avenue in Indianapolis, Indiana, officers of the Indianapolis Metropolitan Police Department obtained a search warrant for Martin's home. The search warrant was executed on August 29, 2018, and netted over thirty grams of methamphetamine, less than one gram of heroin, multiple firearms, scales, $868 in cash, surveillance cameras, and body armor.

On August 31, 2018, the State filed an Information, charging Martin with dealing in methamphetamine, a Level 2 felony; possession of methamphetamine, a Level 3 felony; possession of a narcotic drug, a Level 5 felony; unlawful possession of a firearm by a serious violent felon, a Level 4

felony; and escape, a Level 6 felony.  On February 3, 2019, the State filed an additional Information, alleging that Martin was an habitual offender.

On February 4, 2019, Martin's bifurcated jury trial began on all charges apart from the escape charge, which the State later dismissed.  After a two-day trial, the jury found Martin guilty as charged.  In a separate proceeding, Martin pleaded guilty to being a serious violent felon and an habitual offender.  On March 1, 2019, the trial court entered judgment of conviction on all of the charges and sentenced Martin to twenty years for dealing in methamphetamine, enhanced by six years for being an habitual offender; ten years for possession of methamphetamine; four years for possession of a narcotic drug; and seven years for unlawful possession of a firearm by a serious violent felon.  All of Martin's sentences were to be served concurrently, for an aggregate sentence of twenty-six years.

Martin now appeals.  Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

Martin argues that his convictions and sentencing for dealing in methamphetamine and possession of methamphetamine violate statutory double jeopardy prohibitions.  Indiana Code section 35-38-1-6 provides that where a defendant is "charged with an offense and an included offense in separate counts[,] and the defendant is found guilty of both counts[,] judgment and sentence may not be entered against the defendant for the included offense."  An offense is an included offense if it "is established by proof of the

same material elements or less than all the material elements required to establish the commission of the offense charged[.]"  I.C. § 35-31.5-2-168(1). Possession of methamphetamine is a lesser-included offense of dealing in methamphetamine if it is based upon possession of the same methamphetamine.  *Micheau v. State*, 893 N.E.2d 1053, 1066-67 (Ind. Ct. App. 2008), *trans. denied*.

[9]     The State charged Martin with dealing in methamphetamine as follows:

> On or about August 29, 2018, [Martin] did knowingly or intentionally possess with the intent to deliver methamphetamine, pure or adulterated, said methamphetamine having a weight of at least ten (10) grams[.]

(Appellant's App. p. 21).  The State charged Martin with possession of methamphetamine as follows:

> On or about August 29, 2018, [Martin] did knowingly or intentionally possess methamphetamine, pure or adulterated the said methamphetamine weighing at least 28 grams[.]

(Appellant's App. p. 21).  On appeal, the State concedes that the "same methamphetamine supported each conviction because all the methamphetamine was found in the same area of the basement—30.1438 grams of the 33.1341 grams of methamphetamine was all found in the same bag[.]"  (Appellee's Br. p. 6).  As a result, the State acknowledges that the simple possession offense was an included offense of dealing in methamphetamine in this case.

The trial court erred when it entered judgment on and sentenced Martin for the included offense of possession of methamphetamine. *See* I.C. § 35-38-1-6. Accordingly, we remand this case to the trial court with instructions to vacate Martin's possession of methamphetamine conviction.

# CONCLUSION

Based on the foregoing, we conclude that the trial court erred in entering judgment of conviction and sentence on the included offense of possession of methamphetamine.

Reversed and remanded with instructions.

Vaidik, C. J. and Bradford, J. concur